**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **DANNY DORMAN,**<br>c/o his attorneys Tittle & Perlmuter<br>4106 Bridge Avenue<br>Cleveland, OH 44113<br><br>On behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MYTEE AUTOMATIVE, INC. dba MYTEE AUTOMOTIVE**<br>c/o Statutory Agent<br>Joseph L. Wittenberg<br>2727 Holland Sylvania Road, Suite G<br>Toledo, Ohio 43615<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT AND STATE LAW WITH JURY DEMAND** |

Plaintiff Danny Dorman ("Plaintiff"), through counsel, respectfully states and alleges as follows for his Class and Collective Action Complaint against Defendant Mytee Automotive, Inc. d/b/a Mytee Automotive:

## INTRODUCTION

1. This case challenges Defendant's wage-and-hour practices by which it willfully violated its employees' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio's common law.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C.

§ 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons (the "Class Members"), defined herein, who assert factually-related claims under Ohio law.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**PARTIES**

7. At all times relevant, Plaintiff Danny Dorman was a citizen of the United States and a resident of Wood County, Ohio.

8. At all times relevant, Defendant Mytee Automotive, Inc. was and is an Ohio for-profit corporation that employed Plaintiff, and which owned and operated its business, an automobile repair shop, at three locations, all in Lucas or Wood County, Ohio: 2746 North Holland Sylvania Road, Toledo, Ohio 43615; 1145 South Reynolds Road, Toledo, Ohio 43615; and 25564

North Dixie Highway, Perrysburg, Ohio 43551. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Joseph L. Wittenberg, 2727 Holland Sylvania Road, Suite G, Toledo, Ohio 43615.

## FACTUAL ALLEGATIONS

### Defendant's Business and Employment of Plaintiff, the Potential Opt-Ins and Class Members

9. During the relevant period, Defendant Mytee Automotive, Inc. provided mechanical car services at three locations across the Toledo, Ohio area.

10. Plaintiff Danny Dorman worked for Defendant as a mechanic from June 2020 through July 18, 2025.

11. Mr. Dorman was one of at least 10 mechanics working for Defendant at its locations at any given time.

12. Plaintiff, the Potential Opt-Ins, and the Class Members consist of all mechanics working at any of Defendant's locations within the time period and applicable lookback period for each of Plaintiff's claims.

13. The primary job duty of Plaintiff and his fellow mechanics at Defendant's locations was to provide mechanical car services to customers of the business.

14. Those services primarily consisted of providing customers with proper care and maintenance services for automobiles, as well as performing various mechanical repairs on automobiles.

15. The requisite job duties of mechanics at Mytee's locations, including Mr. Dorman's job duties, regularly demanded a workweek which exceeded 40 hours.

16. For example, from his hire date in June 2020 through March 6, 2025, Mr. Dorman's regular schedule was to work five days each week, for, at a minimum: 9.5 hours per day on four

weekdays, or 38 hours, plus 7.5 hours each Saturday, for a total of at least 45.5 hours every workweek.

17. By way of further example, thereafter, from March 6, 2025 through the date of his retirement on July 18, 2025, Mr. Dorman's regular schedule was to work five days each week, Monday through Friday, for, at a minimum, 9.5 hours per day, totaling at least 47.5 hours every workweek.

**Defendant's Status as an "Employer" and Enterprise Under the FLSA**

18. Defendant was an "employer" of Plaintiff, the Potential Opt-Ins, and the Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

19. Defendant was the W-2 employer of Plaintiff, the Potential Opt-Ins, and the Class Members, hired, supervised, and terminated its mechanics, and set all timekeeping and compensation policies relevant to this case.

20. Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 per year (exclusive of excise taxes at the retail level).

21. Defendant as an enterprise was engaged in the operation of an auto repair and maintenance business, a business primarily engaged in providing customers with proper care and maintenance services for automobiles, as well as performing various mechanical repairs on automobiles, but was not engaged in the sale of automobiles, trucks, or farm implements.

**Defendant's Misclassification of Mechanics and Failure to Pay Overtime Premiums**

22. Defendant misclassified its mechanics, including Danny Dorman and other similarly situated employees, as salaried exempt, meaning that mechanics were paid the same wage every pay period regardless of the number of hours worked.

23. Defendant did not pay for all hours worked, and did not pay an overtime premium to mechanics of one-and-one-half times their regular rate of pay for hours worked over forty in a workweek.

24. The job duties and/or positional requirements of a mechanic at Defendant's locations do not permit application of any overtime exemption under the FLSA.

25. Plaintiff, the Potential Opt-Ins, and the Class members did not work for Defendant at establishments primarily engaged in the business of selling motor vehicles.

26. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt commissioned employees.

27. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt executive employees.

28. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt administrative employees.

29. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt professional employees.

30. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt computer employees.

31. As a result, the FLSA and Ohio law required Defendant to pay Plaintiff, the Potential Opt-Ins, and the Class Members overtime compensation of at least one-and-one-half

times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. § 778.117. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117.

## Willfulness of Defendant's Violations

32. Defendant knew, or recklessly disregarded, that its mechanics were entitled to overtime compensation under federal and state laws.

33. Under 29 U.S.C. § 213, a mechanic is not exempt from overtime compensation as required by 29 U.S.C. § 207 unless they work at "a nonmanufacturing establishment primarily engaged in the business of selling such [motor] vehicles . . . to ultimate purchasers." 29 U.S.C. § 213(b)(10)(A). At Ohio Rev. Code § 4111.03, Ohio law expressly incorporates the overtime pay requirements of 29 U.S.C. § 207.

34. As a result, Defendant knew or had full reason to know that its mechanics were not exempt from overtime pay.

35. Defendant willfully circumvented and violated the requirements of the FLSA and Ohio law. Defendant knew or had full reason to know – with a modicum of investigation – that its mechanics were due time-and-a-half compensation for their overtime hours

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be

maintained against any employer . . . by any one or more employees for and on behalf of themselves and other employees similarly situated."

38. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former mechanics who worked for Mytee Automotive, Inc. locations and were not paid one-and-one-half times their regular rate of pay for their overtime hours during the period three years preceding the filing of this case.

39. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subjected to the identical unlawful wage-and-hour practices, all were injured by those practices, and all have the same claims against Defendant for unpaid wages, liquidated damages, attorneys' fees, and costs.

40. Issuance of Notice to Potential Opt-Ins of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

41. Plaintiff cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of 50 or more persons. Such persons are readily identifiable through records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

43. Pursuant to Fed. R. Civ. P. 23, Plaintiff also brings this case on behalf of himself and other members of a proposed class, defined as:

> All current and former mechanics who worked for Mytee Automotive, Inc. and were not paid one-and-one-half times their regular rate of pay for their overtime hours during the period four years preceding the filing of this case.

44. The class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that the Class totals more than 50 employees of Defendant. The number of Class Members, as well as their identities, are ascertainable from records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

45. There are questions of law or fact common to the Class, including but not limited to:

a. Whether Defendant required Plaintiff and other Class Members to work over 40 hours in a workweek;

b. Whether Defendant knew, or recklessly disregarded, that mechanics could not be legally classified as salaried exempt;

c. Whether Defendant accepted the benefit of Plaintiff and Class Members' unpaid work under circumstances where retaining that benefit without compensation would be inequitable.

46. Plaintiff's claims are typical of the claims of other members of the Class Members. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other Class Members.

47. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

48. The questions of law or fact that are common to the Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liabilities to the Class, listed above, are common to the classes as a whole, and predominate over any questions affecting only individual Class Members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

52. The FLSA required Defendant to pay its mechanics overtime compensation at one-and-one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

53. Defendant failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

54. In doing so, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

55. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Unjust Enrichment)**

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. The employment of Plaintiff and the Class Members by Defendant was not created through written contract.

58. Plaintiff and the Class Members conferred a benefit on Defendant by working many hours for which they received no compensation.

59. Defendant knew it was receiving a benefit by retaining and utilizing the labor of Plaintiff and the Class Members while providing no compensation. Defendant intentionally designed its compensation structure so as to obtain that benefit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant Notice to Potential Opt-Ins of this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved Notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Conclusively determine that Plaintiff and Opt-Ins are similarly situated and entitled to proceed to trial as an FLSA "collective action" pursuant to 29 U.S.C. 216(b);

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Plaintiff his costs and attorneys' fees incurred in prosecutin this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Kathleen R. Harris*

Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)
4106 Bridge Avenue
Cleveland, Ohio 44113
Phone: 216-222-2222
Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Kathleen R. Harris*

Kathleen R. Harris (0088079)